## CHARLES FERGUSON v. THE STATE.

No. 3211.   Decided May 30, 1906.

**1.—Giving Intoxicating Liquor to Minor—Indictment—Knowingly.**

In a prosecution for unlawfully giving intoxicating liquor to a minor, where the word knowingly occurs in the beginning of the charging part of the indictment, it permeated the whole charge covering defendant's knowledge of prosecutor's minority.

**2.—Same—Evidence—Appearances of Minor's Age.**

Upon a trial for unlawfully giving intoxicating liquors to minor, it was error to permit the witness to give his opinion as to how others were impressed as to the age of the alleged minor.

**3.—Same—Charge of Court—Weight of Evidence.**

Upon a trial for unlawfully giving intoxicating liquors to a minor, the court should have given the requested charge that before the jury could convict the defendant they must find from the evidence that he knew that the prosecuting witness was under the age of 21 years; and a charge of the court failing to submit the question of defendant's knowledge of prosecutor's age was insufficient.

**4.—Same—Charge of Court—Insufficiency of Evidence.**

Where upon trial for unlawfully giving intoxicating liquors to a minor, the evidence raised a serious question as to whether the defendant either directly or

indirectly permitted the prosecutor to drink of defendant's whisky or knew that he was under 21 years of age, it was error to instruct the jury that if defendant left the whisky in possession and control of prosecutor for the purpose of letting him take a drink thereof in defendant's absence, and defendant knew that said prosecutor was under 21 years of age at the time, that under such facts defendant would be guilty.

Appeal from the County Court of Wilbarger. Tried below before the Hon. J. A. Nabers.

Appeal from a conviction of unlawfully giving intoxicating liquors to a minor; penalty, a fine of $25.

The opinion states the case.

*W. N. Stokes,* for appellant.—On question of appearance of minor: Reynolds v. State, 32 Texas Crim. Rep., 36; Koblenschlag v. State, 23 Texas Crim. App., 264. On the question of defendant's knowledge of age of minor: Hunter v. State, 18 Texas Crim. App., 444; Presler v. State, 13 id., 95.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully giving intoxicating liquors to a minor, and his punishment assessed at a fine of $25; hence this appeal.

Appellant assigns as error the action of the court refusing to quash the indictment. The indictment seems to follow Judge White's forms (secs. 672–673, White's Ann. Pen. Code) on the subject, and is sufficient. We apprehend the criticism intended to be made is, that it is not distinctly averred that at the time of the alleged sale prosecutor was a minor, and appellant knowing that he was such a minor gave him intoxicating liquor. Knowingly occurs in the beginning of the charging part of the indictment; and we take it that it permeates the whole charge, covering appellant's knowledge of prosecutor's minority: at least so this character of allegation appears to have been treated. Accordingly, the court did not err in overruling the motion to quash.

During the progress of the trial T. P. Lisman was introduced as a witness on the part of the State. He testified that prosecuting witness was his son; that he did not appear to him to be 21 years of age, but he did not know how he would appear to other people. This was objected to on the ground that it was immaterial, irrelevant and incompetent. In Garner v. State, 28 Texas Crim. App., 561, it is held proper to prove by witness the impression upon his mind as to the age of the party inquired about, but not his opinion as to impressions made upon the mind of others. It is said, that opinion, so far as it consists of a statement of an effect produced on the mind becomes primary evidence and hence admissible whenever the condition of things is such that it can be reproduced and made palpable to the jury. In Koblenschlag v. State, 23 Texas Crim. App., 264, it was

held that the witness could not give his opinion as to how others were impressed as to the age of the party inquired about. So it would seem that the testimony here elicited came within the rule laid down in the former case.

The following portion of the court's charge was objected to: "Should you find that on or about the 24th of November, 1904, appellant knowingly gave to Tom Lisman spirituous liquor, and you further find that said Lisman was then and there under the age of 21 years, and that same was done without the written consent of the parents or guardian of said Tom Lisman, to find appellant guilty, etc. This charge was excepted to on the ground that it instructed the jury to find appellant guilty regardless of whether or not he knew appellant was under 21 years of age. We believe the charge is susceptible to appellant's criticism. Appellant requested a charge on this subject, and this distinctly told the jury that before they could convict defendant, they must find from the evidence that defendant knew that said prosecuting witness was under the age of 21 years.

Appellant further objects to the following portion of the court's charge, given at the request of the State: "If you believe from the evidence beyond a reasonable doubt that defendant left the whisky in the immediate possession and control of Tom Lisman, for the purpose of letting said Tom Lisman take a drink of said whisky in defendant's absence, such conduct on the part of the defendant, if defendant knew that said Lisman was at that time under 21 years of age, under such facts, defendant would be guilty of giving whisky to a minor." This charge is excepted to, on the ground that there was no evidence to support the same. There is no testimony showing that defendant had knowledge of the minority of the prosecuting witness; and further that the testimony did not show that said whisky was left in Tom Lisman's possession for the purpose of his taking a drink thereof. The only testimony of prosecutor's minority and appellant's knowledge thereof, was by T. P. Lisman, who testified in effect that Tom Lisman (prosecutor) was 18 years of age. "That he does not look to me like he is 21 years old. I cannot say how he looks to others. There is some fuzz on his face; has been shaved some." The testimony as to the transaction itself is to the effect that prosecutor, not at the instance of appellant but of his own volition, had gone with him to the express office, and from thence to the livery stable, where the express wagon was. Appellant wanted to take the whisky out of the box, and wrap it up for convenience in carrying. They went to the postoffice for that purpose. While at the postoffice, and after the box had been partially opened by appellant, he went to the water-closet. While he was there, prosecutor opened the box, took a bottle of whisky out, and took a drink of it. He states that appellant knew nothing of this, and did not authorize him to take a drink; did not give him a drink. Appellant stated that when he got the box half open, he went to the water-closet, was gone about fifteen minutes, and

when he came back the box was open. He saw one of the bottles taken out of it, and sitting on the table, by the side of the box, and noticed that some of the whisky, had either been taken out, or that bottle was not as full as the other three; that he did not give prosecutor any whisky or authorize him to take any of the whisky; that the whisky was not his whisky, but he was carrying it home to a neighbor. It does not occur to us that, under the circumstances here stated, the court was authorized to give the instruction requested by the State; and this, it would seem, involves the question as to whether or not there was a gift by appellant of the whisky to prosecutor, knowing him to be a minor at the time, as evidently the jury must have convicted appellant on the charge as given. The facts might suggest a suspicion that the transaction was colorable, and appellant went out of the postoffice in order to give prosecutor an opportunity to get a drink of whisky, if he wanted it. But we do not believe the facts are in such shape as to have authorized a charge, or as for that matter, to authorize a conviction in this case. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.