### Bob Ethridge v. The State.

#### No. 1396. Decided November 22, 1911.

**Giving Intoxicating Liquor to Minor—Insufficiency of the Evidence.**

Where, upon trial of knowingly giving and delivering intoxicating liquor to a minor, the State's evidence excluded the idea that the defendant gave the minor any intoxicating liquors, the conviction could not be sustained.

Appeal from the County Court of Mills. Tried below before the Hon. S. H. Allen.

Appeal from a conviction of knowingly giving intoxicating liquors to a minor; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for knowingly giving and delivering to Jim Gatlin intoxicating liquor, Gatlin being a minor.

The evidence is very brief and is in effect that Jim Gatlin on or about the 5th of March, 1911, and his brother, Oscar Gatlin, were

at a place belonging to a Mr. Lonis and saw appellant passing the road going in the direction of his home, about a quarter of a mile distant from where they were. His brother, Oscar Gatlin, stopped appellant and inquired if he had any whisky, and informed appellant he wanted a drink. Appellant told Oscar Gatlin that he had a little at his barn, and if he would go with him he would give him a drink. Oscar Gatlin said all right, and Oscar Gatlin and defendant started off in the direction of defendant's barn on foot. After they had gotten off some distance the witness Jim Gatlin got in his buggy and followed them, and reached the barn about the same time they did. After reaching the barn defendant said to Oscar Gatlin: "The bottle of whisky is there in the crib, buried in the cotton seed somewhere." They got in the barn and began digging about in the cotton seed in search of the whisky. Jim Gatlin did the same thing. Appellant did not seem to know exactly where the whisky was buried. All three parties were hunting for the whisky. The witness Jim Gatlin found it and drank some, and handed it to his brother or defendant— he did not recollect which. He further testified as follows: "No one told me not to drink the whisky, nor did they in any manner try to stop me; they did not have time; I was too quick for them. The defendant did not give his permission for me to drink it; he never had any conversation with me about any whisky; all he said about whisky was to my brother, who is a grown man twenty-six years old; he was not talking to me about it; he never had any conversation with me, nor asked me to go with them. I got in the buggy and followed them. The remarks about the whisky were to my brother, and not to me. I was standing off and heard what was said about the whisky. My purpose in following them was to see if I could not manage some way to work them out of a drink. I am nineteen years old, six feet high and weigh about 150 pounds. I am taller than my brother Oscar, and I am larger than a whole lot of men. I don't know whether I am larger than the average man or not."

The following excerpt from the statement of facts is made: "It is here agreed that Oscar Gatlin's testimony was substantially the same as that of the witness Jim Gatlin." This is the entire testimony in the record. This evidence is not sufficient to support the conviction. These witnesses, of course, were introduced by the State, and the evidence excludes the idea that the appellant gave the boy any whisky.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*