## WHITCOMB SIMPSON V. STATE.

### No. 2047.  Decided November 20, 1912.

**1.—Minor—Intoxicating Liquors—Indictment.**

Where, upon appeal from a conviction of unlawfully giving intoxicating liquors to a minor, the motion to quash was orally made in the lower court and was not ruled upon in open court, the question could not be reviewed on appeal.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of unlawfully giving, etc., intoxicating liquors to a minor, the evidence did not sustain the conviction, there was reversible error.

Appeal from the County Court of Scurry.  Tried below before the Hon. Fritz. R. Smith.

Appeal from a conviction of unlawfully giving intoxicating liquors to a minor; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charged appellant "with unlawfully giving and delivering and causing to be given and delivered, and was concerned in the gift and delivery of spirituous, vinous, malt and intoxicating liquor to Jenkins De Shazo, the said Jenkins De Shazo then and there being a person under the age of twenty-one years, without the written consent of the parent or guardian *of the said*," without mentioning the name of the minor after the word "said." Verbal motion was made to quash the indictment. The court signs the bill with the statement that defendant made his motion orally, and same was not argued by his attorney and the county attorney in open court, and ruled on by the court in open court. We deem is unnecessary to review this question in the light of this record.

The serious question is the want of sufficient evidence to justify the conviction. The alleged minor testified: "I live near Camp Springs in Scurry County. I was at Mr. Jones' on or about the 1st day of March, 1911; was there at a gathering; while there I met and saw the defendant; while there the defendant and I went out in the yard and outside of the yard gate; the defendant had a bottle of whisky; he went to where there was a post near the yard gate, picked up something and held it to his mouth, and then set it down by a post and stepped back some distance. I picked up what proved to be a bottle of whisky and took a drink out of it and set it back where I found it. We were standing near each other when we drank the whisky. The defendant did not give me any intoxicating liquor; he did not tell me where I could find any; when he set

whatever it was down and stepped off, I just went and picked it up and got a drink and set it back where I found it. He did not ask me to have a drink, nor did he tell me where it was." The father of the minor testified that appellant was under twenty-one years of age, at least was on March 1, 1911, but would soon be twenty-one years of age. These were the only witnesses who testified in the case, defendant offering no evidence. We are of opinion under this state of facts that this conviction cannot be sustained.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*