LAWRENCE NEMO and Others, Copartners Doing Business under the Firm Name and Style of ATLANTIC BAG Co., Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 26270.)

Court of Claims, April 2, 1942.

*Abraham H. Geffner* [*George E. Aronwald* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*Jacob S. Honigsbaum, Assistant Attorney-General,* of counsel], for the defendant.

DYE, J.    This is a claim for damages for breach of an executory contract of sale.    Claimants, in response to an invitation of the State, submitted a bid for the purchase of 100,000 used burlap potato bags which were to be picked up by them at fifty-two specified welfare depots in New York city, and the bid was duly accepted by the State through its Department of Public Welfare on September 12, 1940.    Another bid for the purchase of 12,000 used one-hundred-pound corn meal bags was submitted by claimants and duly accepted by the State on October 18, 1940, said bags to be picked up at thirty specified welfare depots in the city of New York. The requisitions or orders on sale issued by the State contained the following provision: " Conditions beyond control may reduce the quantities available.    In this event, the uncompleted balance of the requisition may be canceled by the department within 90 days after the date of the requisition."    After partial performance, the State wrote claimants on April 15, 1941, canceling the requisitions, stating there would be no more available bags, due to the fact that the city of New York was now on the stamp plan of surplus commodity distribution.

It will be noted that in each instance more than ninety days elapsed between the issuance of the requisition and the cancellation, and, therefore, technically the State failed to comply with the stated exception.    Furthermore, testimony on the trial indicated that despite the absence of bags in New York city, there were bags in other parts of the State which might have been used to complete performance of the contract; it was not indicated what disposition was made of these bags.    Nor does it appear that it was the intention of the parties that claimants' supply should be limited to bags used in the specified welfare depots, but such depots were designated only to indicate the point of delivery.

The State contends that under the authority of *Starling Realty Corp.* v. *State of New York* (286 N. Y. 272) they are relieved of liability.    Such contention is not tenable, since that case was disposed of on the escape clause of a contract drawn pursuant to and in the language of subdivision 7 of section 3 of the Public Buildings Law.    The determination of the Court of Appeals that the phrase " moneys available " does not mean absolute impossibility of obtaining such moneys is not applicable here, since there

is no legislative fiat protecting State funds to be construed in interpreting this contract.

It is a proper case for the application of the general rule that words and phrases in a contract should be given their general and usual meaning. (*Clark* v. *New York Life Insurance and Trust Co.*, 64 N. Y. 33.) The bags being " available " within the ordinarily accepted meaning of the term, in that they were accessible, or at the disposal of the State, the State is liable for breach, since it has failed to prove facts operating to discharge the contract by reason of the exception.

Where there has been a breach, the proper measure of damages is the difference between the market price and the contract price. (Pers. Prop. Law, § 148, subd. 3.) Since claimants' proof as to the market price is not controverted, claimants are entitled to an award in the amount demanded.