WILLIAM E. DRISLANE et al., Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim Nos. 32977, 33010, 33156.)

Third Department, December 30, 1958.

142

Louis J. Lefkowitz, Attorney-General (Lawrence Wayne and Paxton Blair of counsel), for appellant.

James J. Drislane for respondents.

GIBSON, J. Claimants-respondents have an award of damages in the amount of the unpaid rental under their lease to the State of certain office space for the use of the then Division of Placement and Unemployment Insurance, hereinafter referred to as the " Division ". The State vacated the premises when nine months of the term remained.

As required by the State Finance Law (§ 161-a, subd. 2), the lease contained the provisions that " the contract of the State hereunder shall be deemed executory only to the extent of the moneys available to the Commissioner of Standards and Purchase for the leasing of said premises and that no liability shall be incurred by the State beyond the moneys available for such purpose ". The State contends that no moneys were " available " within the meaning of the contract provision.

The costs of the administration of the unemployment insurance program, including rental costs, are met by the Federal Government under the Federal Social Security Act (U. S. Code, tit. 42, §§ 501–503). The State has undertaken the administration of the unemployment insurance fund without liability " beyond the amount of moneys received through allotment from any agency of the United States." (Labor Law, § 550, subd. 4.)

In 1952, some two years after the date of claimants' five-year lease to the State, the State entered into a lease of a building to be constructed by the lessor to house all the administrative offices of the Division, then in various locations in the City of Albany. Nine months before the expiration of its lease with claimants, the State removed all the Division offices in claimants' premises to the new building.

The State's contention that no moneys were " available " for payment of further rental is negated by the conceded facts that funds continued to be received for rental of premises leased for the use of the Division and that from those funds the State actually paid rental for space in the new building occupied by the very units which had removed from claimants' premises. The person in charge of budgetary and finance matters in the

Division testified that had the State continued to occupy claimants' premises the rental would have been paid. It is clear that the State's removal was for its own convenience and not because funds were unavailable. The State stresses the instruction of the Federal Bureau of Employment Security that funds could not be used for rental of claimants' premises after removal of the office to the new building. The Federal authorities had approved claimants' lease when made and there is no suggestion that the State was under any compulsion to move prior to the expiration date. Under these circumstances the letter from the bureau seems of significance only as indicating that the bureau had acquiesced in the State's proposal to move, for the State's own convenience, and, further, and understandably enough, that the bureau would not approve duplicate rentals or the payment of rent for space not occupied. Thus, if it were found that funds were unavailable, it would have to be held that the removal caused the unavailability, rather than the reverse.

The State relies on *Starling Realty Corp.* v. *State of New York* (286 N. Y. 272). There, as here, the State vacated premises leased for the use of the Division, asserting that moneys were not available for payment of the rent. In the Court of Claims, the factual determination upon the question of availability of funds was adverse to claimant and was found by the Court of Appeals to have been reached upon ample evidence. As appears in the Court of Claims opinion, the Federal Social Security Board had recommended the discontinuance of certain small offices including that at Tarrytown. The State suggested, for reasons stated, that the Ossining office (in claimant's bldg.) be closed instead of that at Tarrytown and the Federal authorities concurred. The Court of Claims observed that the board's initial letter '' clearly indicates a determination of the Federal Social Security Board to discontinue some offices and implies that no future moneys will be allocated to their maintenance.'' (174 Misc. 375, 379.) The Appellate Division said, '' The State was certainly not compelled to operate an *unnecessary* office and to continue to put funds into the budget for the rental of such an office.'' (Emphasis supplied.) (261 App. Div. 363, 365.) Here, the office was apparently vital rather than '' unnecessary '' and was not '' discontinued '' but was removed to a new location, and that at the volition of the State and not of the Federal agency. We thus find inapposite the authority cited.

The judgment should be affirmed, with costs.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.