

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 12, 1972

Honorable Paul Spillman
County Attorney
Collingsworth County
916 West Avenue
Wellington, Texas 79095

Opinion NO. M-1160

Re: Interpretation of the
phrase "knowingly make
available" an alcoholic
beverage to a minor as
contained in Article
666-17 (14) (b), Vernon's
Penal Code.

Dear Mr. Spillman:

You have requested an opinion of the Attorney General of
Texas in reference to the following presented question:

"I would like to have the interpretation of
the words -- knowingly make available to --
as the same are used in Article 666-17 (14-
B) of the Vernon Penal Code of the State of
Texas."

You further presented two (2) hypothetical fact situations
or examples involving the presence of a minor in an automobile
containing alcoholic beverages in the possession of an adult.
We will confine this opinion to the question presented as our
conclusion will, in all probability, assist you in analyzing
the fact situations.

Article 666-17, Subdivision (14) (b) is a provision of the
Texas Liquor Control Act and was enacted in its present form in
1969 (61st Leg. R.S., 1969, ch. 38, p. 80). It provides as
follows:

"It shall be unlawful to purchase an
alcoholic beverage for or give, or knowingly
make available, an alcoholic beverage to a
person under the age of twenty-one (21) years
unless the purchaser, person making available,
or giver is the parent, legal guardian, adult
husband or adult wife of the person for whom

the alcoholic beverage is purchased, made
available, or to whom it is given.  A
person who violates a provision of this
paragraph is guilty of a misdemeanor and
upon conviction is punishable by a fine
of not less than One Hundred Dollars
($100) nor more than Five Hundred Dollars
($500)."  (Emphasis added).

Your inquiry actually raises two questions, to-wit:  (1)
what is meant by "knowingly making available" an alcoholic
beverage to a minor, and (2) is knowledge of the age of the
minor an element of the offense of knowingly making available
an alcoholic beverage to a minor?

The word "knowingly", when used as a part of the statu-
tory definition of a criminal offense, has been stated to
have no single fixed meaning.  Finn v. United States, 256 F.2d
304 (4th Cir. 1958).  In most instances its meaning rests upon
the character of the offense charged.  State v. Contreras, 253
A.2d 612 (R.I.Sup. 1969); R. D. Lowrance, Inc. v. Peterson,
185 Neb. 679, 178 N.W.2d 277 (1970).  "Knowingly" in the crim-
inal sense has been stated to mean that a person, knowing
about what he is doing, does so wilfully, intentionally and
understandingly.  Commonwealth v. Althenhaus, 317 Mass. 270,
57 N.E.2d 921 (1944); Rose v. State Board of Registration for
the Healing Arts, 397 S.W.2d 570 (Mo.Sup. 1965); United Sta-
tes v. Martinez, 73 F.Supp. 403 (M.D.Pa. 1947); United States v.
Smith, 249 F.Supp. 515 (S.D.Idaho 1966); Standard Oil Co. of
Texas v. United States, 307 F.2d 120 (5th Cir. 1962).

"Knowingly" is sometimes used as synonymous and in con-
junction with "wilfully".  Garza v. State, 47 S.W. 983 (Tex.
Crim. 1898); Good v. Commonwealth, 155 Va. 996, 154 S.E. 477
(1930); People v. Odom, 19 Cal.App.2d 641, 66 P.2d 206 (1937);
Lamb v. State, 293 P.2d 624 (Okla.Crim. 1956); State v. Booton,
85 Idaho 44, 375 P.2d 536 (1962); United States v. Molin, 244
F.Supp. 1015 (D.Mass. 1965).  It has also been used in the
sense of "intentionally".  Cheffer v. Eagle Discount Stamp Co.,
156 S.W.2d 591 (Mo.Sup. 1941); Commonwealth v. Sarricks, 161
Pa.Sup. 577, 56 A.2d 323 (1948); United States v. Loveknit
Mfg. Co., 90 F.Supp. 679 (N.D.Tex. 1950).

"Available" has a general, common meaning -- capable of being made use of, or accessible. Nemo v. State, 178 Misc. 286, 34 N.Y.S.2d 40 (1942); Brown v. State, 200 Miss. 881, 27 So.2d 838 (1946); Garrison Independent School District v. McDuffie, 414 S.W.2d 492 (Tex.Civ.App. 1967, error ref. n.r.e.); Duncan v. United States, 368 F.2d 98 (5th Cir. 1966).

"Knowingly" appears to be the key word in the statute under inquiry. This word has been stated to describe a conscious and deliberate quality which negates accident, inadvertance, mistake, or other innocent reason. United States v. Schneiderman, 102 F.Supp. 87 (S.D.Calif. 1951); People v. Crean, 206 Misc. 314, 136 N.Y.S.2d 688 (1954); People v. Raby, 40 Ill.2d 392, 240 N.E.2d 595 (1968); State v. Contreras, supra; Landry v. Daley, 280 F.Supp. 938 (N.D.Ill. 1968); Popeko v. United States, 294 F.2d 168 (5th Cir. 1961); Fromberg, Inc. v. Thornhill, 315 F.2d 407 (5th Cir. 1963). "Knowingly", when used in a criminal statute, imports culpable intent as a necessary element of the offense. Erby v. State, 181 Tenn. 647, 184 S.W.2d 14 (1944); People v. McHugh, 271 App.Div. 135, 63 N.Y.S.2d 319 (1946); State v. Kelley, 225 La. 495, 73 So.2d 437 (1954); Graves v. United States, 252 F.2d 878 (9th Cir. 1958); Felton v. United States, 96 U.S. 699 (1878).

From an analysis of the decisional authority above and in response to the first portion of your inquiry, in order to be convicted of the offense of making an alcoholic beverage available to a minor under Article 666-17, Subdivision (14) (b), the alcohol must be made accessible to the minor. In addition, and most importantly, the person charged must have, with a culpable motive, intentionally and deliberately, placed an alcoholic beverage where it is accessible to the minor with the intent that the minor partake of the beverage. The use of the word "knowingly" in a criminal statute narrows the scope of the enactment by exempting innocent or inadvertent conduct from its proscription. Landry v. Daley, supra. "Knowingly" imports something more than carelessness and signifies guilty knowledge, evil or bad intent. People v. McHugh, supra. The statute would not cover a situation in which the alcoholic beverage was made accessible to the minor "unwittingly", "unconsciously", or through accident, carelessness, or mistake.

For example, in Simpson v. State, 151 S.W. 303 (Tex.Crim. 1912), the minor testified that he was at a gathering at which

the defendant was present.  He and the defendant went outside
of the yard gate where the defendant picked up a bottle of
whisky, took a drink, and placed it by a post.  He stepped back
a distance and the minor picked up the bottle and took a drink
of whisky from it.  The Court reversed the conviction stating
there was no evidence the defendant gave the minor any intoxi-
cating liquor or told him where it could be found.

In Ethridge v. State, 141 S.W. 89 (Tex.Crim. 1911), the
appellant was convicted for "knowingly" giving and delivering
intoxicating liquor to a minor.  The minor was in a group of
adults who were drinking the liquor.  When the bottle was placed
on the ground, the minor picked it up and took a drink from the
bottle.  The court had before it the testimony of the minor that
"no one told me not to drink the whisky, nor did they in any
manner try to stop me;  they did not have time;  I was too quick
for them".  The minor further testified that the defendant "did
not give his permission for me to drink it".  The Court reversed
the conviction for insufficient evidence.

The second portion of your inquiry concerns use of the word
"knowingly" in connection with "knowledge" of the minority of
the person to whom the alcoholic beverage is made available.  In
order to constitute the offense of knowingly making available an
alcoholic beverage to a minor, the evidence must show, not only
the minority, but knowledge of that fact on the part of the ac-
cused.  Earnest v. State, 201 S.W. 175 (Tex.Crim. 1918); Gray v.
State, 72 S.W. 169 (Tex.Crim. 1897); Henderson v. State, 38 S.W.
617 (Tex.Crim. 1897); People v. Shapiro, 4 N.Y.2d 597, 152
N.E.2d 65 (1958); Smith v. State, 115 S.W.2d 412 (Tex.Crim.
1938).  Mere proof of the age of the minor by the State is in-
sufficient.  Gray v. State, supra; Earnest v. State, supra;
Smith v. State, supra.

"Knowingly" as used in the statute under consideration does
not involve absolute knowledge or intent.  United States v. Weis-
man, 83 F.2d 470 (2nd Cir. 1936).  The Court stated in Greenway
v. State, 8 Md.App. 194, 259 A.2d 89 (1969), in dealing with
the subject of knowledge of a fact, that a defendant cannot
deliberately shut his eyes so that he would not have knowledge
of what otherwise be obvious to his view.  He may be placed on
notice of the apparent minority of the person to whom the alco-
holic beverage is made available and be required to call for

inquiry.  Rosen v. United States, 161 U.S. 30 (1896); Iberville Land Co. v. Amerada Petroleum Corporation, 141 F.2d 384 (5th Cir. 1944).

"Knowingly" has been stated to mean such information as would cause a person of ordinary prudence to make further inquiry.  Feldman v. South Carolina Tax Commission, 303 S.C. 49, 26 S.E.2d 22 (1943); cf., American Express Co. v. Commonwealth, 171 Ky. 1, 186 S.W. 887 (1916).  In State v. McCormick, 56 Wash. 469, 105 P. 1037 (1909), a Washington Code provided that every person who shall "knowingly" sell or give a minor intoxicating liquors without the written consent of his parent or guardian shall, on conviction, be fined, etc.  The Court held that an instruction that the sale was made knowingly within such statute if defendant's bartender knew, or in the exercise of reasonable prudence, should have known that his customer was a minor at the date of the alleged sale, corectly defined the term "knowingly".

Factors that may be taken into consideration and proved by the State to show that a defendant should have known that he was making an alcoholic beverage available to a minor are evidence of age, appearance of the minor, size of the minor, and years known by the defendant.  Sears v. State, 34 S.W. 124 (Tex. Crim. 1896).  Also, the State may show the minor informed the defendant of his age some time prior thereto.  Sturgeon v. State, 176 S.W. 331 (Tex.Crim. 1943).  The State may show the minor furnished the defendant with identification showing him to be under twenty-one.  Slawson v. State, 276 S.W.2d 811 (Tex. Crim. 1955).  The State may use the testimony of a third person that the minor did not appear to him to be twenty-one years of age, but the third person may not testify as to the effect of the minor's appearance on others.  Ferguson v. State, 95 S.W. 111 (Tex.Crim. 1900).

### S U M M A R Y

In order to be convicted of "knowingly" making an alcoholic beverage available to a minor under Article 666-17, Subdivision (14) (b), Vernon's Penal Code, a defendant must, with awareness and a culpable motive have intentionally and deliberately, placed

said alcoholic beverage where it is accessible to the minor with the intent that the minor partake of the alcoholic beverage.

Further, the person making available the alcoholic beverage must have known that the recipient was a minor or had such information from his appearance or otherwise as would lead a prudent person to believe that such person was a minor, and if followed by inquiry must bring knowledge of that fact home to him.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jay Floyd
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Harriet Burke
Lonny Zwiener
David Longoria

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant