GREEN ISLAND CONTRACTING CORPORATION, Respondent, v
STATE OF NEW YORK, Appellant. (Claims Nos. 59950,
60017.)

Third Department, March 1, 1984

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard J. Dorsey*
and *William J. Kogan* of counsel), for appellant.

*Berman, Paley, Goldstein & Berman (David R. Paley* of
counsel), for respondent.

MAIN, J.

The facts are well set out in the opinion of the Court of Claims (117 Misc 2d 435) and will be briefly stated here. Claimant commenced this action to recover damages for the alleged breach of two highway construction contracts. These contracts were for the construction of portions of Interstate Route 88. As part of the interstate highway system, this project was to be 90% Federally financed. A lawsuit to permanently enjoin construction of this highway because of the alleged failure to prepare and file an environmental impact statement as required by the National Environmental Policy Act (US Code, tit 42, § 4321 *et seq.* [NEPA]) was brought in Federal District Court on May 24, 1972. Nonetheless, the Federal Highway Administration granted "plans, specifications and estimates" (PSE) approval of the contracts on July 5, 1972 and August 16, 1972, and the State Comptroller granted approval of the contracts on September 6, 1972 and October 16, 1972. Thereafter, work commenced, but on November 14, 1973, a preliminary injunction prohibiting the State's receipt and disbursement of Federal funds for the project was issued by Federal District Court. Work was suspended by the State on December 27, 1973, and on March 11, 1974, with work on the contracts not more than one half completed, the State terminated the subject contracts by deleting the remaining work. The State relet the remaining work under the former contracts after the Federal court's preliminary injunction was vacated. Construction was completed by a firm other than claimant.

After this action was commenced, the parties sought partial summary judgment. The Court of Claims denied the State's motion and granted claimant's cross motion "to the extent that the [State's] defenses predicated on the contracts' 'Executory Clause' and the 'Alterations and Omissions' clause be stricken as insufficient". Thus, the State was held liable on all causes of action which were the subject of claimant's cross motion and a trial was ordered on the issue of damages.

It appears that the parties have settled all claims except those relating to claimant's demands for anticipated

profits. On this appeal, the State relies primarily on the executory clause of the contracts as prohibiting claimant from recovering anticipated profits. Specifically, the State contends that the executory clauses, which provide that "[t]he Contractor specifically agrees that the contract shall be deemed executory only to the extent of the monies available, and no liability shall be incurred by the State beyond the monies available for the purpose", limits the State's liability because, under the preliminary injunction, no money was available which would have permitted this primarily Federally financed project to proceed. We reject the State's position.

As noted by the Court of Claims, executory clauses such as those in issue are commonplace in State contracts and are intended "as a shield against the imprudent use of taxpayers' dollars and not as a sword to divorce the State, for purposes of its own convenience, from a contract fairly entered into and honestly performed" (117 Misc 2d 435, 437, *supra*). It has been established that an executory clause will be enforced only where it is established that in the course of ordinary budgeting procedures, funds were not available (see *Starling Realty Corp. v State of New York*, 286 NY 272, 277-278). Furthermore, because the State is bound by the same rules of honesty and justice as individuals when contracting (see 55 NY Jur, State of New York, § 183, p 715), any unavailability of funds must not have been the result of an improper act or omission by the State (see *Cameron-Hawn Realty Co. v City of Albany*, 207 NY 377, 382; 5 Williston, Contracts [3d ed], § 677, pp 224-233).

Our review of the record and pertinent law requires us to confirm the analysis and conclusion of the Court of Claims that funds were available to complete the contracts on the date of termination because ordinary budgetary procedures had been followed and moneys had been earmarked for the project. We need only emphasize that the Federal commitment was not rendered void *ab initio* by the mere showing that NEPA had been violated (see *Sierra Club v Hennessy*, 695 F2d 643, 649). Even if, however, the funds were unavailable, we would be in agreement with the Court of Claims' conclusion that the executory clauses

could not be asserted by the State as a defense. The State asserts in its brief that case law mandating strict compliance with NEPA requirements, such as the filing of an environmental impact statement when PSE approval was after January 1, 1970, was not clear in the Second Circuit until December 18, 1972, when the United States Court of Appeals for the Second Circuit decided *Monroe County Conservation Council v Volpe* (472 F2d 693). The State, however, should have been aware of prior unanimity among the circuits requiring an environmental impact statement under NEPA for interstate highway projects which were granted final Federal approval after January 1, 1970[*] (see, e.g., *Arlington Coalition on Transp. v Volpe,* 458 F2d 1323, 1330-1332, cert den *sub nom. Fugate v Arlington Coalition on Transp.,* 409 US 1000; *Named Individual Members of San Antonio Conservation Soc. v Texas Highway Dept.,* 446 F2d 1013, 1024-1025, cert den 406 US 933; see, also, *Lathan v Volpe,* 455 F2d 1111, 1120-1121). In this case, where PSE approval on the contracts was granted on July 5, 1972, and on August 16, 1972, well after the January 1, 1970 effective date and the decisions in the Federal cases just cited, the State should have been aware that an environmental impact statement in accordance with NEPA was required. Furthermore, as the Court of Claims noted (117 Misc 2d 435, 439-440, *supra*), the State was on notice for several months that the environmental impact statement requirement of NEPA had not been satisfied. The fact that, in the words of the State, "an environmental impact statement of sorts" was filed is insufficient where there has been no showing that that document satisfied the requirements of NEPA. That the State continued this project even after the decision in *Monroe County (supra)* is only additional evidence of the State's cavalier regard for the NEPA requirements. Thus, any unavailability of funds to complete the highway project can be attributed to the State pressing forward without regard for the consequences which were inevitably to follow in the absence of an environmental impact statement as required by NEPA. Accordingly, the executory clauses cannot be relied upon by the State.

---

[*] In fact, the only courts which did not require an environmental impact statement under NEPA were faced with cases in which PSE approval was granted prior to January 1, 1970 (see *Monroe County Conservation Council v Volpe,* 472 F2d 693, 699, n 4).

■ We note that several of claimant's causes of action seek damages for work to be performed by subcontractors. Although there is nothing in claimant's affidavits detailing its relationship with the various subcontractors, our review of the record reveals that claimant has submitted detailed information concerning the subcontractors in its bill of particulars and has mentioned the subcontractors and their work on numerous occasions in its affidavits. We conclude that these references, which are not refuted in any manner by the State in its affidavits, are sufficient to establish the causes of action which involve the subcontractors. We have examined the other arguments of the State and find them to be either without merit or raised for the first time on this appeal. Thus, they are not properly presented for our consideration. The trial on damages ordered by the Court of Claims shall be limited to the remaining unsettled issue of anticipated profits.

The order and judgments should be affirmed, with costs.

KANE, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order and judgments affirmed, with costs.