JANE S. FORELLI et al., as Trustees Under the Will of MATTHEW A. FORELLI, Deceased, Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent.

The action herein arises out of the lease of office space by the State's Office of General Services for use by the Department of Labor and the Department of Taxation and Finance under two separate lease transactions. The Labor Department lease was for a term of five years to expire on April 30, 1982. The lease contained an option to renew for an additional five year term from May 1, 1982 to April 30, 1987, conditioned upon the State giving notice of its intention to exercise the option six months in advance of the expiration of the term.

On or about October 28, 1981, the Office of General Services exercised its option and renewed for an additional five year term. The landlord was given notice in or around February 1982 that the State was invoking the executory clause of the lease so as to effect its cancellation. This clause provides, in pertinent part, "It is understood and agreed by and between the parties hereto that, pursuant to law, the contract of the State hereunder shall be deemed executory only to the extent of the moneys available to the Commissioner of General Services * * * If the moneys available therefore are moneys appropriated for and made available to one or more departments, commissions, boards or officers other than the Commissioner of General Services the contract of the State hereunder shall be deemed executory only to the extent of the moneys available to the one or more departments, commissions, boards, or officers to which the premises shall be allotted". Notwithstanding its purported cancellation of the lease, and the vacatur of the premises by the Department of Labor, the Office of General Services continued to pay rent under the lease until in or around 1983, while it attempted to negotiate occupancy by the Division of Parole. The landlord, however, was either unable or unwilling to make the $600,000.00 in renovations requested by the State before it would assign the space to the Division of Parole. The State thereafter notified the landlord that it would no longer pay rent for the space covered by the lease which it previously purported to cancel.

The lease of space assigned to the Department of Taxation and Finance was for a period of five years, from July 1, 1979 to June 30, 1984. Both spaces were located in the same building, and after the landlord was unsuccessful in finding substitute tenants, and in order to avoid foreclosure, the building was sold for $982,000.00. Claimants seek damages for lost rent and consequential damages resulting from the State's cancellation of the leases.

At the outset, we note that the claimants have failed to adequately prove consequential damages incurred as a result of the distress sale of the building. Accordingly, with respect to claimants' cross appeal, we find no basis to reconsider the denial of such damages by the Court of Claims. The issue we address is whether funds were "available" within the terms of the executory clauses of the respective leases. The Court of Claims found that the decisions to cancel the leases in both cases were not based upon whether monies were available to meet these contractual obligations but were made for the convenience of the individual departments and in furtherance

of their overall plans of reorganization, and therefore that the executory clauses were inapplicable to shield the State from liability under the lease contracts. While we agree with the Court of Claims' determination that such funds were not "unavailable" within the meaning of the executory clause, we do not agree with the Court of Claims' interpretation of the executory clause as applicable only when an entire program is eliminated, such that it could never apply where a department is merely relocated. Such interpretation would lead to illogical results and unduly restrict the State in exercising its discretion in allocating admittedly limited resources.

The word "available" in such context relates to the appropriation of funds by the Legislature and the allocation of such funds by the appropriate officer or body *(see, Amarnick v State of New York,* 84 Misc 2d 112, 117, *affd* 52 AD2d 1007), such that the unavailability is dependent upon a legislative or budgetary determination or directive not to provide funds for the expenditure in question *(see, e.g., Starling Realty Corp. v State of New York,* 286 NY 272, *rearg denied* 286 NY 696; *Amarnick v State of New York,* 84 Misc 2d, *supra,* at 116-117). In *Starling Realty Corp. v State of New York (supra),* the itemized budget line was eliminated for all but one month of the lease term. In *Amarnick v State of New York (supra),* there was a clear legislative intention not to fund the operation in issue and the Budget Director specifically indicated that there would be no allocation in the budget for the continuation of such operation. These cases are distinguishable from the instant matters under review. No budgetary fiat was extant in this case with respect to either of the leases at issue. Rather, as determined by the Court of Claims, the determination to cancel the leases herein was made at the departmental level in furtherance of overall budget cutting plans which in terms of their timing, execution and interdepartmental organization did not account for the existence of outstanding contractual obligations. Clauses such as the ones in issue here are common in State contracts and are "intended to be utilized as a shield against the imprudent use of taxpayers' dollars and not as a sword to divorce the State, for purposes of its own convenience, from a contract fairly entered into and honestly performed." *(Green Is. Contr. Corp. v State of New York,* 117 Misc 2d 435, 437, *affd* 99 AD2d 330, *lv denied* 66 NY2d 605). Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.