■ FRANKENMUTH MUTUAL INSURANCE COMPANY, Appellant, v WASTE MANAGEMENT OF NEW YORK, LLC, Defendant, and SANITARY DISTRICT NO. 1, TOWN OF HEMPSTEAD, Respondent. [995 NYS2d 732]—

In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered June 25, 2012, which, upon the denial of its motion for summary judgment on the complaint insofar as asserted against the defendant Sanitary District No. 1, Town of Hempstead, in an order dated August 15, 2011, and upon a decision of the same court dated May 15, 2012, made after a nonjury trial, is in favor of that defendant and against it, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

In 1994, because it needed to comply with environmental regulations, Sanitary District No. 1, Town of Hempstead (hereinafter the District), contracted with a third party to renovate its solid waste disposal facility to handle recycling and to operate the facility. With the District's cooperation, the third-party contractor obtained funding for the facility through the Nassau County Industrial Development Agency (hereinafter NCIDA), which issued bonds for the project. Those bonds were purchased by the plaintiff.

The District thereafter leased the facility from NCIDA, but it was contemplated that the lease payments that were intended to satisfy the bonds would be made by the operator of the facility rather than the District. Although the lease stated that the District would "do all things lawfully within its power to obtain, maintain and properly request and pursue funds from which the Lease Payments may be made, including requesting funds from the Town for such payment in the District Budget," sec-

tion 24 of the lease contained an executory clause which relieved the District from any liability on the bonds, and even from the duty to seek appropriations for the payment of the bonds.

The contract to operate the facility was assigned several times. In 2007, the current operator of the facility concluded that it could not operate the facility at a profit, and terminated its agreement with the District. At that time, there were two principal payments remaining due on the bonds. Neither the operator nor the District made those payments. The plaintiff then commenced this action against, among others, the District, seeking to recover both the outstanding principal of the bonds and interest thereon. In an order dated August 15, 2011, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the District, and the case proceeded to trial.

After a nonjury trial, the Supreme Court concluded that, notwithstanding its promises to seek funding for the payment of the bonds, the District had never accepted or agreed to accept liability for payment of the bonds. Instead, it found that the lease's executory clause insulated the District from liability on the bonds and thus precluded the plaintiff from recovering the outstanding sums from the District. Thereafter, the court entered a judgment in favor of the District. The plaintiff appeals from that judgment.

Consistent with the requirements of General Municipal Law § 109-b (2) (f), which applies to installment contracts entered into by municipalities, section 24 of the lease between the District and NCIDA states that: "Notwithstanding any other provision of this Agreement, (i) this Agreement shall be deemed executory only to the extent of the moneys budgeted and appropriated and available for the purpose of this Agreement, and no liability on account thereof shall be incurred by the District beyond the amount of such moneys, and (ii) it is understood that neither this Agreement nor any representation by any public employee or officer creates any legal or moral obligation to request, budget, appropriate or make available moneys for the purpose of this Agreement." Such clauses are intended to be utilized as a shield against the imprudent use of taxpayers' dollars, and not as a sword to divorce the State, for purposes of its own convenience, from a contract fairly entered into and honestly performed (*see Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 16 AD3d 861, 862 [2005]; *Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 296 AD2d 785, 786 [2002]; *Forelli v State of New York*, 179 AD2d 394, 396 [1992]; *Green Is. Contr. Corp. v State of New York*, 117 Misc 2d 435, 437

[1983], *affd* 99 AD2d 330 [1984]). Nevertheless, "even though a municipality may possess sufficient funds to satisfy a particular obligation, such funds cannot be deemed 'available' if the expenditure thereof would be improvident" (*Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 16 AD3d at 862, citing *Starling Realty Corp. v State of New York*, 286 NY 272, 278 [1941]).

Here, although in its lease with the NCIDA the District promised to seek appropriations sufficient to make the lease payments, the lease also repeatedly stated that the District's liability for payments was conditioned upon the appropriation of funds. Indeed, the District's promise to seek appropriations was tempered by the provision stating that it was required to do so only "subject to the provisions of Section 24 hereof." Since "trumping language such as a 'notwithstanding' provision 'controls over any contrary language' in a contract," the Supreme Court properly relied upon this section as the basis for its determination (*Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc.*, 112 AD3d 78, 83 [2013], quoting *Handlebar, Inc. v Utica First Ins. Co.*, 290 AD2d 633, 635 [2002]).

Furthermore, it cannot be said that the District improperly invoked the executory clause to escape its obligations (*see Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 16 AD3d at 862; *Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 296 AD2d at 786; *Green Is. Contr. Corp. v State of New York*, 117 Misc 2d at 437). On the contrary, under the circumstances of this case, the District could reasonably have determined that the expenditure of funds to satisfy the bonds would have been improvident (*see Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 16 AD3d at 862; *Starling Realty Corp. v State of New York*, 286 NY at 278). Thus, the Supreme Court properly relied upon the language of section 24 to reconcile the seemingly conflicting provisions of this contract (*see Moulton Paving, LLC v Town of Poughkeepsie*, 98 AD3d 1009, 1012 [2012]), and properly entered judgment in favor of the District dismissing the complaint insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur. **[Prior Case History: 35 Misc 3d 1234(A), 2012 NY Slip Op 50994(U).]**