HALL-MARK REALTY CORPORATION, Respondent, *v.* MARY T. McGUNNIGLE, Individually and as Executrix of STEPHEN A. McGUNNIGLE, Deceased, Appellant.

(Argued March 26, 1930; decided May 6, 1930.)

*James K. Foster* and *Daniel Underhill* for appellant. Neither King's nor Sevin's heirs retained any interest in

the westerly half of Division avenue and the three recent deeds could not revive any interest in either King's or Sevin's heirs. (Herman on Estoppel, 754; Bigelow on Estoppel [6th ed.], p. 397; *Goodlittle* v. *Bailey*, 2 Cowp. 597; *Wendell* v. *People*, 8 Wend. 183; *White* v. *Williams*, 48 N. Y. 344; *Northrop* v. *Sumney*, 27 Barb. 196; *Jackson* v. *Camp*, 1 Cow. 605; *Sparhawk* v. *Bullard*, 42 Mass. 95; *Randall* v. *Chase*, 133 Mass. 210.) It was clearly the intention of the grantors thereof to convey up to the line of the Van Veghten farm. (*Rose* v. *Hawley*, 118 N. Y. 502; Real Prop. Law, § 240, subd. 3; *Matter of Ladue*, 118 N. Y. 213; *Bernstein* v. *Nealis*, 144 N. Y. 347; *Thayer* v. *Finton*, 108 N. Y. 394; *Childs* v. *Fichett*, 4 Me. 471; *Grandin* v. *Hernandez*, 29 Hun, 399; *Van Winkle* v. *Van Winkle*, 184 N. Y. 193; *Thompson* v. *Major*, 58 N. H. 242.) The defendant's title is marketable. (*Todd* v. *Union Dime Sav. Bank*, 128 N. Y. 636; *Norwegian Evangelical Free Church* v. *Milhauser*, 252 N. Y. 186; *Reformed P. D. Church* v. *M. A. Bldg. Co.*, 214 N. Y. 268; Maupin on Marketable Titles, p. 770; *Close* v. *Martin*, 208 Mass. 236; Rawle Covts. for Title [5th ed.], § 259; *Brown* v. *Witter*, 10 Ohio St. 142.)

*Henry A. Uterhart* and *Alfred M. Schaffer* for respondent. The descriptions in the deeds show conclusively that Division avenue was laid out entirely on the land acquired by King. (*Kings County Fire Ins. Co.* v. *Stevens*, 87 N. Y. 287; *Gouverneur* v. *N. I. Co.*, 134 N. Y. 355; *Sibley* v. *Holden*, 10 Pick. 249; *Smith* v. *Slocomb*, 9 Gray, 36; *Cottle* v. *Young*, 59 Me. 105.) The defendant's title is unmarketable. (*Wright* v. *Mayer*, 47 App. Div. 604; *Blanck* v. *Sadlier*, 153 N. Y. 551; *Weinberg* v. *Sanders*, 204 App. Div. 409; *Chesebro* v. *Moers*, 233 N. Y. 75; Maupin on Marketable Titles, 707; *Ramapo* v. *Mapes*, 216 N. Y. 362.)

POUND, J. Plaintiff sues to recover a down payment on the purchase of about eighty-four acres of farm land

on the ground that the title tendered is unmarketable. The question is as to the ownership of a strip of land fifty feet wide and about eight hundred and eighty feet long running across the premises, being the westerly half of a so-called Division avenue laid out on a map between two contiguous farms by the owner of one of them in 1854 but never opened. One farm was known as the Van Veghten or King farm; the other as the Sevin farm. Division avenue is not and has never been either a public or private road, thoroughfare or highway.

It is not perfectly clear whether Division avenue was laid out entirely on the King farm or whether half of it was laid out on the Sevin farm. Reading all the descriptions in all the deeds together, the conclusion is reasonably certain that neither King's nor Sevin's heirs retain any interest in the westerly half of the paper road or strip of land designated as Division avenue, even though some of the descriptions appear to be ambiguous and inconsistent. Properly construed, the deeds of the land included in the Sevin farm run easterly to the Van Veghten or King farm and the deeds of the land included in the Van Veghten or King farm run westerly to the Sevin farm. All the land in the so-called Division avenue is thus included either in the King farm or the Sevin farm. Both farms now having the same owner, it is not necessary to fix the exact location of Division avenue as laid out on the map. When the line of another tract is called for in the description of a deed as one of the boundaries of the land conveyed, the line ordinarily runs to such boundary line. When such line is certain and notorious, it is to be treated as the monument or boundary rather than the ambiguous location of the center of a paper street which need not be taken as a monument or permanent landmark for the purpose of fixing the boundary line in this case. (*Wendell* v. *People*, 8 Wend. 183, 190.) This construction is plainly consistent with the intention of the grantors herein. The

fixed boundaries govern. It does not appear that any one can be harmed or discommoded by giving effect to the obvious intent of the various grantors. As there is no " reasonable decent, probability " that the purchaser will ever be imperiled by the starting of a law suit by other claimants, the title is marketable. (*Norwegian E. F. Church* v. *Milhauser*, 252 N. Y. 186.)

The judgment should be reversed, with costs in all courts, and judgment for specific performance granted as demanded in the answer.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.