Brewster, J.
(dissenting). I dissent and vote for a reversal of the judgment appealed from and a dismissal of the complaint, and for judgment in favor of the defendant-appellant upon his counterclaim.
To me the proofs clearly establish that the certain, undisputed and notorious ground location of the southerly extension across Gold Street of the so-called “ Edwin Smith East Line ” is an artificial monument which, fundamentally, controls' to fix the location of the easterly boundary line of plaintiff-respondent’s lot which is coterminus with the westerly line of that of the defendant-appellant. A common predecessor of both parties at one time owned all the land presently consisting of the lots or subdivisions on the southerly side of the center of Gold Street. His first conveyance (in 1871 to Smith and Gilbert) established the said extension of the “ Edwin Smith East Line ” as the easterly boundary line thereof and it thereby became certain and was marked. In his sale and subsequent conveyances, viz., to Darke, 1874-1896; to Leach 1880-1887, and to C. E. House, 1885 (now plaintiff-respondent’s lot), the location of the easterly lines thereof was in. each instance expressly fixed by the location of east line of what had been next earlier granted or contracted to be sold. Thus the Darke east line was located 66 feet east from Smith and Gilbert east line, (the extended Edwin Smith east line); the Leach east line 62 feet 4 inches east from the said Darke east line, and the C. E. House (now plaintiff’s) east line, 124 feet, 8 inches east from the said Leach east line. The evidence is that when plaintiff’s predecessor in title, C. E. House, received his deed all of the aforesaid east lines had been definitely located, marked, and were notorious. The use of such lines as a controlling monument is sanctioned. (Hall-Mark Realty Corp. v. McGunnigle, 253 N. Y. 395, 397.) Thus it can but be that the east line of the Leach property is a monument which controls the location of plaintiff’s east line and it fixes it as being parallel therewith and 124 feet and 8 inches distant therefrom. It is a strip of adjoining land two feet wide to the east thereof of which plaintiff claims the right to possession, but I cannot see that she has proved title to it. The failure in determination ef the center line of Silver Street I regard as wholly irrelevant because the Edwin Smith east line was located upon the ground and monumented as early as 1866. *903 The plaintiff in ejectment may not now succeed by a disavowal of the monument, which controls the location of her easterly line, and by relying upon a distance call in defendant’s deed gratitutiously inserted in later years in aid of additional description. (Bernstein v. Nealis, 144 N. Y. 347.) The monuments aforesaid determined the true locations long prior to the 1915 addenda in the descriptive part of the deed to one of defendant’s predecessors in title.
As to defendant’s title, the deed from the heirs of the common owner (Pellett) to defendant’s predecessor in title (Lyman) was given in 1892. It contained no calls for distance but fixed the westerly line of defendant’s lot coterminus with the C. E. .House (now plaintiff’s) lot, and its easterly line as coterminus with the westerly line of the Dimmiek lot priorly conveyed by Pellett and the location of which was controlled by another line monument, viz., the westerly property line of the railroad. Those monuments thus fixing the ground locations of defendant’s lot included therein the approximate two-feet strip in question. Defendant’s title deed effectually covers it. The 1915 added reference to its Gold Street frontage was ineffectual to release the control of the monuments and certainly added nothing to plaintiff’s grant. The evidence shows some encroachment and possession by plaintiff of the strip of land in question and sufficient to call for the affirmative relief sought by defendant.
Heffernan, Foster and Lawrence, JJ., concur in memorandum by the court; Brewster, J., dissents in memorandum; Hill, P. J., taking no part.
Judgment affirmed, with costs.