Michael Catalano, J.
This action was commenced on March 18, 1960. Thereafter plaintiff’s motion for summary judgment for $2,610 was granted, but reversed upon appeal to the Appel *633 late Division, Fourth Department, Supreme Court, which stated: “ Triable issues of fact are presented as to whether plaintiff sufficiently performed a written contract for the sale of real property to be entitled to payment of the balance of the purchase price and as to whether her performance thereof was excused by waiver or estoppel.” (12 A D 2d 721.)
These issues of performance, waiver and estoppel were tried before this court without a jury.
This court finds the following facts. On November 30, 1959, plaintiff owned improved real property in Cheektowaga, New York, known as Lots 114 and 115, shown on map filed in the Erie County Clerk’s office under cover No. 1575. On that date, plaintiff agreed to sell them to defendant for $3,000, $300 to be paid in cash and ‘ ‘ the balance in cash whenever Jackson support deed be rescinded and set aside.” Thereafter defendant paid plaintiff $400. On September 18, 1959, plaintiff had agreed with her niece, Cora Louise Jackson, and Robert W. Jackson, Cora’s husband, to convey the Cheektowaga property to them in return for their supporting plaintiff for life. By warranty deed dated June 13, 1944, defendant and his sister-in-law, Louise Buskin, conveyed the Cheektowaga property to Cora Louise Jackson, subject to said support agreement in these words: “This deed is on condition of agreement 9/18/59 for the life support of Minnie Allen Contract Vendee of said lots by Mr. & Mrs. Robert W. Jackson and said deed was recorded in the Erie County Clerk’s office on December 10, 1959. A quitclaim deed dated November 30, 1959 from Louise Buskin and defendant to plaintiff, covering this property was recorded November 30, 1959, at 1:49 p.m. ; one minute later, a warranty deed, bearing same date, from plaintiff to defendant, covering the same property, was recorded.
A letter dated October 19,1959 was sent by a lawyer, Charles D. Wallace, to defendant, stating, “My client, Mrs. Minnie Allen, has sent to me for recording the deed which she received from you running to Cora Louise Jackson. However, I noticed in the deed that there is a clause making it conditional upon the agreement of September 18, 1959 for the life support of Mrs. Allen by the grantee. I realize that Mrs. Allen evidently asked you to insert this clause, but I have tallied to her since then and advised her that the clause does not really protect her since it would make the title revert to Louise Rusk'in and yourself in the event of a breach of contract, rather than to her, and furthermore it makes the title unmarketable since it is contingent until such time as she may have died. We would appreciate it, therefore, if you would execute a new deed for *634 us without the condition in same. I have prepared a deed in order to save you this additional problem and am submitting it herewith. ’ ’ The said deed was not executed by Louise Buskin and defendant.
On November 9, 1959, defendant sent plaintiff a postal card stating: “ We will trade 1956 Cadillac 4 door sedan exceptional condition and $2000 cash for lots.” In reply thereto, plaintiff wrote defendant requesting that he execute the deed sent to him by attorney Wallace. On November 18, 1959, defendant wrote plaintiff explaining that his postal card offer was sent because he had heard that plaintiff’s property was up for sale for $4,000.
December 2,1959, defendant wrote plaintiff’s lawyer, Charles D. Wallace, not to record the Jackson deed or deliver it to anyone except to plaintiff or defendant. On the next day, Mr. Wallace wrote defendant that Mrs. Jackson directed him not to deliver this deed to plaintiff or defendant. Cora Louise Jackson directed Mr. Wallace to record this deed, which he did on December 10, 1959.
On December 14, 1959, defendant “ for Louise Buskin” executed a lease, with option to purchase said real property, to Leonard Witherell and Ann M. Witherell, for $5,959, $3,700 down, $20 monthly, stating that the $2,250 balance was payable at $20 monthly until paid down to $1,000, then further payments suspended until the claim against plaintiff by her niece, Cora Louise Jackson, be settled and any claim by her against said property be disposed of. On December 14, 1959, defendant, Louise Buskin, and Josephine Buskin (defendant’s mother-in-law) executed a bargain and sale deed to this property to Leonard Witherell and Ann M. Witherell, his wife, for $1; recorded April 28,1960. On December 14,1959, Leonard Wither-ell and Ann M. Witherell executed a bond and mortgage running to defendant for $2,650, recorded February 17, 1960.
On December 18, 1959, plaintiff retained a lawyer, John Elfvin, through the Bar Association of Erie County reference service. On February 9, 1960, defendant wrote attorney Elfvin that the Witherells were coming to defendant’s office “ to set up a Deed and Mortgage paper. ” On February 17,1960, defendant wrote Mr. Elfvin: “ To prevent Jackson’s from their threat of dispossession of the people placed in Airport cottage that you warned me of, we deeded the property to the Witherells and took a Deed back from them and we made separate arrangements to protect them from loss. Why not start a fraud action against the Jacksons for Mrs. Allen? ” On February 17, 1960, a bargain and sale deed, covering this property, was executed *635 by Leonard Witherell and Ann M. Witherell to Louise Buskin for $1; it was not recorded.
On March 7, 1960, defendant wrote Mr. Elfvin: 1 ‘ Upon giving the matter that we last spoke about, considerable thought, I have decided to retain matters as they are.” On March 18, 1960, plaintiff instituted the within action against defendant.
On September 13, 1960, Cora Louise Jackson sued Dean Hyland (this defendant), Louise Buskin, Minnie B. Allen (this plaintiff) and L. Witherell, seeking to bar defendants from any estate or interest in said property, to vest absolute title in fee thereto in Cora Louise Jackson, to obtain possession therein for Cora Louise Jackson, to obtain damages for wrongful withholding of possession thereof, etc. By order of this court granted December 2, 1960, the said complaint of Cora Louise Jackson was dismissed as to Minnie B. Allen. The Jackson action is still pending in this court.
On November 27,1959, Cora Louise Jackson and her husband ordered plaintiff to leave their home, so plaintiff went to live with another niece and her husband, Mr. and Mrs. Ellis Proffit.
Since December 15, 1959, Leonard Witherell and Ann M. Witherell occupied, and still occupy, said property. Defendant is acting as attorney for Leonard Witherell in said Jackson action. Defendant assured Leonard Witherell and his wife that if they were evicted from this property, defendant would get them another property.
Defendant has been a practicing attorney at law in this State since 1921.
Plaintiff, an elderly woman, had sold all her furniture and household effects so she had no means to furnish the said premises; she was not able to occupy them.
Generally, plaintiff has the burden of proving that it was ready, able and walling to perform the contract, although payment was not required until some condition be fulfilled as, here, “ whenever Jackson support deed be rescinded and set aside.” (See Perlman v. Israel & Sons Co., 306 N. Y. 254, 257.) Nevertheless, the contract must be construed in the light of fair dealings between the parties. (Starling Realty Corp. v. State of New York, 286 N. Y. 272, 280.)
Although a promise to pay upon the happening of an event does not become absolute until the happening of the event, an inference may be drawn that the parties did intend that payment should be made even if the event does not occur, where the happening of the event is under the control of the party obliged to pay. (See Mascioni v. Miller, Inc., 261 N. Y. 1, 4, 6.) Thus, waiver results from active conduct of the conditional promisor, *636 who prevents fulfillment of the condition, which becomes eliminated, making the promise absolute. (Amies v. Wesnofske, 255 N. Y. 156, 163.) It is common practice to agree to sell land unconditionally, although the parties know that some outstanding right must be acquired to clear the title. (Wallach v. Riverside Bank, 206 N. Y. 434, 439.)
The purchaser is not compelled to take title to property clouded by marketability which is reasonably doubtful (Monogram Development Co. v. Natben Constr. Co., 253 N. Y. 320, 323) but where there is no reasonably decent probability that there is peril of a lawsuit by others, the title is marketable. (Hall-Mark Realty Corp. v. McGunnigle, 253 N. Y. 395, 398.)
Here, plaintiff has proven performance except for the rescission of the Jackson support deed. This condition precedent to payment was written in a contract prepared by defendant, a lawyer, and signed by plaintiff, a lay person, who relied completely upon defendant to be fair to her. Plaintiff would have been justified from the wording of the condition in believing that defendant, a laAvyer, would see to it that the Jackson support deed would be rescinded. Such may be fairly construed.
Furthermore, defendant’s activity to protect himself from all reasonably foreseeable contingencies amounted to a waiver of this condition. He had the legal capacity to bring a rescission action. He and his sister-in-law were the grantors of the deed in question. His sister-in-law was merely a dummy, through and by whom he operated a complex real estate business. He placed a customer of his in possession of the real property involved. He drew and executed a deed from himself and his dummy to plaintiff, then had plaintiff execute a deed drawn by him, running to himself alone. He then executed a lease with option to purchase to said occupant whom he fully protected against any claim by Cora Louise Jackson. He prepared and executed, with two of his dummies, a deed to this property running to his occupant. He prepared and had his occupant execute a deed to this property, naming his dummy as grantee; this deed was not recorded, although the others were. His decision, “to retain matters as they are,” precipitated this court action. Thereafter Cora Louise Jackson started an ejectment action against defendant, his dummy, his occupant and plaintiff. He represents himself and his occupant and, presumably, his dummy in this Jackson action, that is still pending in this court. It has not been shoAvn if he is counterclaiming for rescission in the Jackson action, but it is within occupant another property if evicted. Thus, defendant, by his his power to do so if properly pleaded. He has assured his *637 affirmative actions waived the condition of rescinding the Jackson deed before he is obliged to pay.
Also, defendant is estopped from asserting this condition because of his conduct, rightfully relied upon by plaintiff to her injury. (See Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285, 292.)
Judgment for plaintiff against defendant for $2,600 with interest from November 30, 1959 and costs and disbursements of this action.