Charles H. Cohen, J.
Plaintiff sued for conversion, alleging that defendant Leon’s Auto Collision, Inc., sold her automobile to defendant Levine without her consent. After a nonjury trial, the court directed judgment in favor of plaintiff against defendant Leon’s Auto Collision, Inc., in the amount of $2,000, and in favor of defendant Levine. The court found that plaintiff did not authorize Leon’s to make repairs to her automobile and, therefore, the sale of the automobile for a claimed lien in the amount of $1,495.52 was improper and constituted a conversion. The court further noted that the notice of sale (set forth in a document called notice of lien) did not contain the itemized statement required by section 201 of the Lien Law, and, accordingly, was defective. (Lewis v Jim’s Boat Yard, 73 Misc 2d 24.)
Leon’s now moves, pursuant to CPLR 4404, for an order to set aside the court’s decision and for a new decision in favor of Leon’s, or, in the alternative, for a new trial. With respect to liability, Leon’s charges that the court erred in finding that there was no authorization to repair, specifically claiming that the court should have admitted into evidence, as a business record, a certain paper purporting to be a repair authorization *353 signed by plaintiff. With respect to damages, Leon’s charges that the court erred in fixing the value of the automobile at $2,000 without expert testimony, specifically claiming that the court should not have relied upon the statement of Leon’s in the notice of lien that the estimated value of the automobile was $2,000 since the court found that such notice was defective. A further claim that Leon’s should have received credit for an insurance payment which plaintiff received, was withdrawn, Leon’s apparently recognizing that it is not entitled to any benefit plaintiff may have received by virtue of insurance premiums she paid. (Cf. Healy v Rennert, 9 NY2d 202.)
1. liability. The basic question is whether or not plaintiff authorized Leon’s to repair her automobile. The court determined that she did not, so that even if Leon’s had complied with the Lien Law — which, as noted above, it did not — Leon’s had no right to sell her automobile and, upon doing so, committed a conversion.
In deciding that plaintiff had not authorized Leon’s to repair her automobile, the cofirt excluded a certain paper which Leon’s offered in evidence. Leon’s argues that while the court had the right to give this paper such weight as it deemed proper, it was required to admit it in evidence as a business record under CPLR 4518 (subd [a]). The court notes that even if it had admitted this paper in evidence, it would not have changed its finding that plaintiff did not authorize Leon’s to repair her automobile. In any event, there was no basis upon which this paper could have been admitted in evidence. There was no foundation for any claim that the paper was signed by plaintiff.
In an effort to overcome this difficulty, Leon’s attempted to base its admission on CPLR 4518 (subd [a]), with testimony that the paper, purportedly signed by plaintiff, was a record made by Leon’s in the regular course of business. As already pointed out in the court’s decision, Leon’s did not even present a proper foundation under CPLR 4518 (subd [a]) for a record which it may have made, much less for a record — a signature —claimed to have been made by plaintiff. In order that a paper by admitted as a business record, it is necessary to show three things: (1) the record "was made in the regular course of any business,” (2) "it was the regular course of such business to make it” and (3) it was made "at the time of the act, transaction, occurrence or event, or within a reasonable .time *354 thereafter.” Leon’s did not lay a foundation complying with all three of these requirements.
Actually, from the nature of what Leon’s was attempting to prove — that plaintiff signed this paper — it is difficult to see how Leon’s could comply with these requirements. Leon’s employee did not make a record stating that plaintiff had signed a repair authorization. Simply receiving a paper purportedly signed by another and putting it in one’s file does not constitute that paper a writing or record "made” by the recipient. In order to satisfy this statutory exception to the hearsay rule, it must appear that the writing or record was "made” in the regular course of business and it was the regular course of business to "make” it. As stated in Williams v Alexander (309 NY 283, 286) this statute "rests upon the probability of trustworthiness which inheres in such records, by virtue of the fact, first, that they are the 'routine reflections of the day to day operations of a business’ * * * and, second, that it is the entrant’s own obligation, and in his interest, to have them truthful and accurate, made and kept as they are with the knowledge, indeed, for the purpose, that they will be relied upon in the conduct of the enterprise.” (See, also, Guth Realty v Gingold, 34 NY2d 440, 451.) Merely filing away papers received from others, even if they are retained in the regular course of business, does not satisfy this test of trustworthiness or enhance the trustworthiness of the papers received. (See 5 Wigmore, Evidence [Chadbourne rev], § 1522.)
2. damages. In its decision awarding plaintiff damages in the amount of $2,000, the court referred to evidence before it including the notice of lien introduced as an exhibit in evidence by Leon’s which, it is noted, was in the business of repairing automobiles. This exhibit, issued by Leon’s and signed by its president who swears that it is "true to his own knowledge, information and belief,” states that the estimated value of the automobile in question is $2,000.
Leon’s now argues that since the court found the notice of sale contained in it to be defective, it could not use this document as a basis for determining damages. The court disagrees. The court may use any competent evidence before it in order to determine damages. A statement by one in the automobile repair business introduced in evidence by that very party is competent evidence to prove the value of the automobile. The notice was not admitted for any specified *355 limited purpose. That the statement was defective as a notice of sale does not preclude its use against Leon’s which offered it in evidence. (Cf. People v Jackson, 39 NY2d 64, 68.) In any event, as a statement made by Leon’s, it constitutes an admission which may be used against Leon’s. (Mindlin v Dorfman, 197 App Div 770.)
3. conclusion. In denying Leon’s motion, the court notes the belated claim now made by Leon’s that even if there were no lien arising out of a repair authorization, there was a lien based upon storage charges. However, this was not claimed at the trial and, in any event, the court finds that no agreement, express or implied, for repair or storage, was entered into between plaintiff and Leon’s. The court notes that the Legislature, cognizant of existing abuses relating to automobile repairs, enacted Vehicle and Traffic Law (art 12-A), known as the Motor Vehicle Repair Shop Registration Act. While section 398-d thereof, requiring, among other things, that all work done by a motor vehicle repair shop be recorded on an invoice, was not in effect at the time of the transaction involved herein, this act fortifies the view that claimed agreements to repair automobiles should be carefully scrutinized.