■ MOTOROLA COMMUNICATIONS & ELECTRONICS, INC., Respondent, v NATIONAL EQUIPMENT RENTAL, LTD., Appellant.—In an action to recover the balance due for goods sold and delivered pursuant to contract, defendant appeals from a judgment of the Supreme Court, Queens County, entered August 29, 1978, which was in favor of the plaintiff in the principal sum of $21,924, after a nonjury trial. Judgment affirmed, with costs. While no adequate findings of fact were made as required by CPLR 4213 (subd [b]), the record is complete and this court may make the requisite findings *(Mellon v Street,* 23 AD2d 210). The plaintiff, Motorola Communications & Electronics, Inc. (Motorola), is a manufacturer of radio and mobile communications equipment. On August 28, 1974 it received a purchase order from

defendant, National Equipment Rental, Ltd. (National), for 18 walkie-talkie radios and mobile charger consoles, plus certain necessary accessories. The total purchase price was $24,444. The purchase order listed the Royal Detective Agency, Inc. (Royal) as National's lessee for the equipment, and directed that delivery be made to Royal at its New York City address. A Motorola sales representative, James O'Hara, testified that on October 15 and 16, 1974 he visited Royal's offices and observed the delivered equipment. The plaintiff also introduced certain "log sheets" and "job tickets" which were issued by a Motorola workshop pursuant to the scheduled installation of the charger units into Royal's vehicles and for the frequency modification of the walkie-talkie radios. Unfortunately, shortly after this delivery and installation Royal went out of business and absconded with the equipment. National now seeks to repudiate its contract on the grounds that Motorola (1) failed to mail an invoice to National on the date of shipment, (2) did not deliver the equipment to Royal's main office address as indicated in the purchase order, (3) never furnished National with its form acceptance notice or any other acknowledgment of delivery, and (4) failed to prove delivery of the equipment. The record indicates that Motorola substantially performed its obligations under the contract by delivery of conforming goods to National's lessee, pursuant to National's instructions (see *Jacob & Youngs v Kent*, 230 NY 239). Accordingly, Motorola is entitled to payment. Mollen P. J., Damiani, Mangano and Martuscello, JJ., concur.