■ STANDARD TEXTILE COMPANY, INC., Respondent, v NATIONAL EQUIPMENT RENTAL, LTD., Appellant. — In an action to recover damages for breach of contract, defendant appeals from a judgment of the Supreme Court, Nassau County, entered March 3, 1980, which was in favor of the plaintiff in the principal sum of $6,028.24, after a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The plaintiff, Standard Textile Company, Inc. (Standard), received a purchase order from the defendant, National Equipment Rental, Ltd. (National) for restaurant linens (tablecloths, napkins, etc.). The purchase order listed Chandler Properties as National's lessee for the goods, and directed that delivery be made to Chandler in Atlanta, Georgia. National contends that the trial court erred in admitting (1) freight bills received from the common carriers used by Standard, and (2) a letter sent from Chandler to Standard confirming delivery. Standard's employee, Fick, testified that the freight bills were kept in the ordinary course of Standard's business. However, the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records (see *Burgess v Leon's Auto Collision,* 87 Misc 2d 351, affd 91 Misc 2d 128). Instead, it must be established that the documents were made in the regular course of the carrier's business, since the information concerning delivery was based on the personal knowledge of someone in the carrier's employ. Fick was not a qualified witness to testify as to the record keeping of another entity (see *Matrix Computing v Davis,* 554 SW2d 288 [Tex]). Nor can section 1-202 of the Uniform Commercial Code be used as an exception to the hearsay rule, since the freight bills were not authorized or required by the contract sued upon by the plaintiff (see Uniform Commercial Code, § 1-202, Official Comment No. 2). Similarly, there was no foundation laid to warrant the admission of the letter received by Standard from Chandler confirming delivery, as "a record systematically kept by the author of the letter or as a writing made in the ordinary course of business" (see *Prestige Fabrics v Novik & Co.,* 60 AD2d 517, 518). Moreover, the letter was dated eight months after the purported delivery, and was thus not made at the time of the event or within a reasonable time thereafter (see CPLR 4518, subd [a]). Nor is the letter an admission chargeable against National, since it was beyond the scope of the authority given to Chandler by National (see *Spett v President Monroe Bldg. & Mfg. Corp.,* 19 NY2d 203; Richardson, Evidence [Prince, 10th ed], § 253). Accordingly, a new trial is warranted since the inadmissible matter may have had a substantial influence on the jury's verdict (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2002:1, p 449). We would also note that Carter, an employee of Chandler, was improperly allowed to testify that the purchase order was filled, since he admitted never seeing the order. In addition, compliance with condition 6 of National's purchase order, which

required the lessee's "acceptance notice" before payment becomes due, was correctly excused by the trial court. Proof of delivery, if established, would constitute substantial performance, and the need for the notice would disappear (see *Jacob & Youngs v Kent,* 230 NY 239, 245; *Motorola Communications & Electronics v National Equip. Rental,* 74 AD2d 564). Moreover, compliance with the condition is waived, since the furnishing of the acceptance notice is effectively under National's control (see *Allen v Hyland,* 30 Misc 2d 632, affd 15 AD2d 721). Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.