■ In the Matter of JEREMY GG., Alleged to be an Abandoned Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL GG., Appellant. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered December 4, 1980, which adjudicated Jeremy GG. an abandoned child and ordered that custody and guardianship of said child be awarded to the Broome County Department of Social Services. On February 6, 1980, while respondent was in Pennsylvania, his wife gave birth to their son in Broome County, New York. Respondent's wife immediately placed the child in a foster home after leaving the hospital. In August, 1980, petitioner commenced this proceeding seeking an order adjudicating the child an abandoned child and requesting the guardianship and custody of the child. The Family Court, following a hearing, concluded that respondent had abandoned the child, adjudicated the child an abandoned child and awarded custody and guardianship of the child to petitioner. This appeal ensued. Initially, we would note that while we agree with respondent's contention that no adequate

findings of fact as required by CPLR 4213 (subd [b]) were made, the record is sufficiently complete so that this court may make the requisite findings *(Motorola Communications & Electronics v National Equip. Rental,* 74 AD2d 564; *Matter of Thompson v Unczur,* 55 AD2d 818, mot for lv to app den 42 NY2d 806). The record reveals that although respondent told his wife that he objected to putting the child up for adoption, during the first six months following the child's birth respondent never visited him nor communicated with him. Respondent testified that his wife told him he could not see the child. The testimony of other witnesses, however, demonstrates that respondent was given the telephone number of the caseworker involved by his mother-in-law yet he never communicated with the caseworker. He was also sent a letter by the caseworker stating that if he wanted to discuss the matter with her he could reach her at a certain telephone number. Respondent admitted that he never contacted the caseworker. He also testified that he returned to Broome County from Pennsylvania in April of 1980: We conclude that claimaint evinced an intent to forego his parental rights and obligations in that he was able to visit his child during the first six months following the child's birth, that he was not prevented or discouraged from doing so by petitioner and that during that six-month period he neither visited nor communicated with the child. Accordingly, we are of the view that, contrary to respondent's assertions, there is legally sufficient evidence to support the court's finding that he abandoned the child within the meaning of section 384-b (subd 4, par [b]) of the Social Services Law (see Social Services Law, § 384-b, subd 5, par [a]). The order of the Family Court, therefore, was proper and must be affirmed. We have examined respondent's remaining arguments and find them unpersuasive. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.