■ In the Matter of CHARLES R.—Order unanimously affirmed without costs. Memorandum: We find that petitioner established by clear and convincing evidence that respondent father abandoned his children and that respondent mother permanently neglected her children. The record reveals that since the children have been in foster care, the father has never visited or communicated with them *(see, Matter of Susan F.,* 106 AD2d 282, 283-284). The fact that the father, a Canadian citizen, resided in Canada and allegedly was unable

to enter the United States due to his criminal record does not preclude a finding of abandonment based on the father's failure to contact the children (see, Matter of Charlene D., 121 Misc 2d 168, 173). Moreover, we note that notwithstanding the father's immigration status, he could have applied for entry into the United States for purposes of visitation on either a temporary or permanent basis (see, 8 USC § 1182 [d] [3]; [h]). Thus, the record supports the finding of abandonment (see, Matter of Ulysses T., 87 AD2d 998, affd 66 NY2d 773; Matter of Jeremy GG., 84 AD2d 864; Matter of Charlene D., supra).

The record discloses that the mother abruptly terminated counselling and refused to attend parenting classes arranged by petitioner to foster the family relationship (cf., Matter of Jamie M., 63 NY2d 388). Also her infrequent and erratic contact with the children was not meaningful. Thus, she failed to plan realistically for their future (see, Social Services Law § 384-b; Matter of Star Leslie W., 63 NY2d 136, 142-144; cf., Matter of Sheila G., 61 NY2d 368; see also, Matter of Nathaniel T., 67 NY2d 838). (Appeals from order of Erie County Family Court, Killeen, J.—terminate parental rights.) Present —Callahan, J. P., Denman, Green, Pine and Lawton, JJ.