to enter the United States due to his criminal record does not preclude a finding of abandonment based on the father's failure to contact the children *(see, Matter of Charlene D.,* 121 Misc 2d 168, 173). Moreover, we note that notwithstanding the father's immigration status, he could have applied for entry into the United States for purposes of visitation on either a temporary or permanent basis *(see,* 8 USC § 1182 [d] [3]; [h]). Thus, the record supports the finding of abandonment *(see, Matter of Ulysses T.,* 87 AD2d 998, *affd* 66 NY2d 773; *Matter of Jeremy GG.,* 84 AD2d 864; *Matter of Charlene D., supra).*

The record discloses that the mother abruptly terminated counselling and refused to attend parenting classes arranged by petitioner to foster the family relationship *(cf., Matter of Jamie M.,* 63 NY2d 388). Also her infrequent and erratic contact with the children was not meaningful. Thus, she failed to plan realistically for their future *(see,* Social Services Law § 384-b; *Matter of Star Leslie W.,* 63 NY2d 136, 142-144; *cf., Matter of Sheila G.,* 61 NY2d 368; *see also, Matter of Nathaniel T.,* 67 NY2d 838). (Appeals from order of Erie County Family Court, Killeen, J.—terminate parental rights.) Present —Callahan, J. P., Denman, Green, Pine and Lawton, JJ.

■ In the Matter of MARY BETH B.—Order unanimously affirmed without costs. Same memorandum as in *Matter of Charles R.* (127 AD2d 975 [decided herewith]). (Appeals from order of Erie County Family Court, Killeen, J.—terminate parental rights.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.

■ In the Matter of EVELYN B.—Order unanimously affirmed without costs. Same memorandum as in *Matter of Charles R.* (127 AD2d 975 [decided herewith]). (Appeals from order of Erie County Family Court, Killeen, J.—terminate parental rights.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.

■ TELECOMMUNICATIONS DESIGNS, INC., Petitioner, v LILLIAN ROBERTS, as New York State Commissioner of Labor, Respondent.—Determination and order unanimously modified on the law and as modified confirmed without costs, in accordance with the following memorandum: Petitioner, a telecommunication installation contractor, seeks a review of a determination by respondent that its failure to pay correct benefits to workers and wages to apprentices was willful within the meaning of Labor Law § 220-b (3) (b). Petitioner does not dispute the definition of willfulness applied by respondent *(see,*