Matter of Honesty M.M.M. (Taikeem L.W.) (2018 NY Slip Op 07309)





Matter of Honesty M.M.M. (Taikeem L.W.)


2018 NY Slip Op 07309


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-02487
2017-02490
 (Docket No. B-20148-15)

[*1]In the Matter of Honesty M.M.M. (Anonymous). Suffolk County Department of Social Services, respondent; Taikeem L.W. (Anonymous), appellant.


Susan A. DeNatale and Associates, Smithtown, NY (Rachel A. Camillery of counsel), for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Mara Cella of counsel), for respondent.
Robert M. Garcia, Central Islip, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from (1) a decision of the Family Court, Suffolk County (Theresa Whelan, J.), dated January 25, 2017, and (2) an order of fact-finding and disposition of the same court, also dated January 25, 2017. The order, upon the decision, made after fact-finding and dispositional hearings, determined that the father abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Matter of Justine R. [Cara T.], 158 AD3d 701, 702; Matter of Ania N. [Marzena N.], 138 AD3d 862; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In December of 2015, the Suffolk County Department of Social Services (hereinafter the petitioner) commenced this proceeding to terminate the father's parental rights to the subject child. After fact-finding and dispositional hearings, the Family Court found that the father abandoned the child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
An order terminating parental rights may be granted where the petitioner has established, by clear and convincing evidence, that the parent abandoned the child for the six-month period before the petition was filed (see Social Services Law § 384-b[3][g][i]; [4][b]; Matter of Annette B., 4 NY3d 509, 513; Matter of Peteress Reighly B., 62 AD3d 695, 696). An intent to [*2]abandon a child is manifested by the parent's "failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (Matter of Julius P., 63 NY2d 477, 481; see Matter of Jeremiah Kwimea T., 10 AD3d 691, 692). The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit or communicate with the child (see Matter of Gabrielle HH., 1 NY3d 549, 550; Matter of Julius P., 63 NY2d at 481; Matter of Xtacys Nayarie M. [Jose Ruben M.], 74 AD3d 970, 971).
Here, the petitioner established, by clear and convincing evidence, that the father abandoned the subject child during the six-month period before the filing of the petition (see Social Services Law § 384-b [4][b]; Matter of Dayyan J.L. [Dayyan L.], 145 AD3d 1007; Matter of Saquan L.E., 19 AD3d 418, 419; Matter of Annette B., 2 AD3d 721; Matter of Kerry J. 288 AD2d 221). Contrary to the father's contention, "[a]n abandonment petition is not defeated by a showing of sporadic and insubstantial contacts where clear and convincing evidence otherwise supports granting the petition" (Matter of Candice K., 245 AD2d 821, 822; see Matter of Christopher Rene T., 189 AD2d 692; Matter of Charles R., 127 AD2d 975).
Accordingly, we agree with the Family Court's determination that the father abandoned the child, to terminate the father's parental rights, and to transfer guardianship and custody of the child to the petitioner for the purpose of adoption.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court