**Wilmington Sav. Fund Socy., F.S.B. v Cappiello**

2025 NY Slip Op 32246(U)

June 26, 2025

Supreme Court, Suffolk County

Docket Number: Index No. 604997/2023

Judge: Aletha V. Fields

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## 𝕾𝖙𝖆𝖙𝖊 𝕺𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐 – 𝕾𝖚𝖕𝖗𝖊𝖒𝖊 𝕮𝖔𝖚𝖗𝖙
## 𝕾𝖚𝖋𝖋𝖔𝖑𝖐 𝕮𝖔𝖚𝖓𝖙𝖞 – 𝕻𝖆𝖗𝖙 81

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, F.S.B., as trustee,<br><br>Plaintiff,<br><br>-against-<br><br>LISA A. CAPPIELLO, et al.,<br><br>Defendants. | Index      Number:<br>604997/2023<br><br>Hon. Aletha V. Fields,<br>AJSC<br><br>Order on Motion |

Upon efiled documents 58, 62-94, 96-103 and all efiled documents cited herein or therein, considered on plaintiff's timely and permitted on consent successive motion for summary judgment, it is it is hereby

**ORDERED** that plaintiff's motion be, and it hereby is, DENIED.

In plaintiff's first summary judgment motion, this Court granted plaintiff leave to file a successive summary judgment motion that plaintiff timely filed. While reviewing that motion, this Court determined that it erroneously struck defendants' RPAPL § 1304 defense without any discussion of the reasons for doing so. Because defendants raised 1304 compliance in the answer, the parties (and this Court) agreed in a conference that plaintiff bears the burden of proving strict compliance with RPAPL § 1304 (***Wells Fargo Bank, N.A. v Yapkowitz***, 199 AD3d 126 [2d Dept 2021]) on plaintiff's summary judgment motion. Thus, in that conference, the parties consented that the 1304 defense should not have been stricken and allowed both time to provide briefing on the point (Order [Dkt. 96]). Now before this Court is that successive summary judgment motion and the supplemental RPAPL § 1304 briefing and argument.

This is a residential mortgage foreclosure action in which plaintiff seeks to foreclose on a mortgage that Lisa A. Cappiello and Michael Cappiello executed and delivered to Mortgage Electronic Recording Systems, Inc. (MERS) as nominee for Carrington Mortgage Services, LLC (lender) to secure the obligations of Lisa A. Cappiello under a two hundred twenty-nine thousand one hundred ninety-one dollar ($229,191.00) promissory note dated January 7, 2019 and made payable to lender's order. In a prior order, this Court granted plaintiff summary judgment on the note (i.e., the terms and language of the note) but not as to an alleged allonge and on the mortgage (Prior Order [Dkt. 58, reproduced at Dkt. 84]) because Lisa A and Michael Cappiello (together, mortgagors) answered in one document (Answer [Dkt. 26, reproduced at Dkt. 80[1]]) and admitted certain allegations of the complaint "solely to the extent that on January 7, 2019, Defendant Lisa Cappiello—for personal, family, and household purposes—executed and delivered a fixed rate promissory note in favor of [lender] in the original principal amount of $229,191.00 … secured by a mortgage—executed by Defendants—granted to [MERS] as nominee for [lender]" (Answer

---

[1] Plaintiff offers no explanation for not relying on CPLR 2214 (c) that is designed to avoid confusion, clarify the record, and provide easy reference.

**FILED: SUFFOLK COUNTY CLERK 06/26/2025 06:17 PM**
INDEX NO. 604997/2023

NYSCEF DOC. NO. 104
RECEIVED NYSCEF: 06/26/2025

604997/2023
Order on Motion
Page 2

[Dkt. 80] at ¶ 2). The prior order dismissed all affirmative defenses except standing. The prior order did not grant summary judgment on the issue of default under the note and mortgage.

"To obtain summary judgment it is necessary that the movant establish [movant's] cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in [movant's] favor (CPLR 3212, subd [b]), and [movant] must do so by tender of evidentiary proof in admissible form" (***Friends of Animals, Inc. v Associated Fur Mfrs.***, 46 NY2d 1065, 1067 [1979]). "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case though the production of the mortgage, the unpaid note, and evidence of default" (***Plaza Equities, LLC v Lamberti***, 118 AD3d 688, 689 [2d Dept 2014]). When evaluating the movant's evidence, the court must view it in the light most favorable to the nonmoving party (***Ortiz v Varsity Holdings, LLC***, 18 NY3d 335 [2011]). "Failure to make this showing [of entitlement to judgment as a matter of law] requires denial of the motion, regardless of the sufficiency of the opposing papers" (***Winegrad v N.Y. Univ. Med. Ctr.***, 64 NY2d 851, 853, [1985]; ***Deutsche Bank Natl. Trust Co. v Idarecis***, 202 AD3d 1051 [2d Dept 2022]).

Default

This Court previously granted plaintiff summary judgment on the note and the mortgage by virtue of the answer's admitting to them (Order [Dkt. 58]). Thus, the first issue to examine here is default. In the prior motion, this Court held that mortgagor's correctly identified plaintiff's proof as hearsay because the servicer did not prove that it was plaintiff's agent; thus, the business records supporting the default portion of the overall summary judgment motion was hearsay-based (***Citibank, N.A. v Herman***, 215 AD3d 629 [2d Dept 2023]; *see*, Order [Dkt. 58] 3).

Here, rather the submit only a power of attorney in which the principal limited the agent's authority by the terms of an extrinsic document, plaintiff submits the power of attorney and a redacted copy of the extrinsic document, a servicing and custodial agreement dated as of November 18, 2019. Every court is required to draw inferences favorable to the non-moving party on a summary judgment motion (***Murray v Comm. House Hous. Dev. Fund Co., Inc.***, 223 AD3d 675 [2d Dept 2024]), and one such inference is that the redactions plaintiff unilaterally made hide from this Court material information adverse to plaintiff. In simple terms, this Court draws the inference equivalent to a missing witness charge. Therefore, on this successive summary judgment motion, plaintiff's proof regarding default on the repayment obligation fails.

Standing

In the prior motion, this Court denied plaintiff summary judgment on standing, an issue on which plaintiff has the burden of proof (***JPMorgan Chase Bank, N.A. v Caliguri***, 36 NY3d 953 [2020]). The law has "no 'checklist' of required proof to establish standing (***id.***). One way to establish standing is to attach to the complaint a copy of the original note indorsed in blank (or to the order of plaintiff), and "other supporting material, including an affidavit of possession based on an employee's review of plaintiff's business records" (***Id.*** at 954).

In the order denying summary judgment on standing (Dkt. 58), this Court noted that plaintiff's proof was confusing, and even if interpreted most favorably to plaintiff (i.e., the exact

**FILED: SUFFOLK COUNTY CLERK 06/26/2025 06:17 PM**
INDEX NO. 604997/2023

NYSCEF DOC. NO. 104
RECEIVED NYSCEF: 06/26/2025

604997/2023
Order on Motion
Page 3

opposite of what the law requires on summary judgment motions), plaintiff lacked proof of agency necessary to prove, as a matter of law, standing.

Now, on this successive motion for summary judgment, plaintiff argues, "[p]laintiff established, prima facie, its standing to commence the action through the affidavit of its representative wherein it is alleged that [p]laintiff was the holder of the original Note at the time of commencement. . . . [T]he original note was physically delivered to the [p]laintiff's custodian (JP Morgan Chase Bank) on January 11, 2019, which was prior to the commencement of the action" (Memorandum of Law [Dkt. 66] at 8 [parenthetical and spacing within it as in original]).

Separately, plaintiff also argues, "a copy of the original Note with an endorsed allonge was attached to the [s]ummons and [c]omplaint"(Memorandum of Law [Dkt. 66] at 8).

This Court agrees with plaintiff that if the facts support either of plaintiff's arguments, then plaintiff has met its prima facie burden. However, contrary to plaintiff's position, plaintiff has not established the facts necessary to reach that conclusion of law.

On plaintiff's first argument, plaintiff claims that JPMorgan Chase Bank as plaintiff's agent[2] received the properly indorsed note. Although plaintiff alleges, "[f]rom my review of the [r]ecords, the original Note with an endorsed allonge firmly affixed to it was physically delivered to [p]laintiff on January 11, 2019" (Affidavit in Support [Dkt. 67] at ¶ 3 [b]). Records means "the business records . . . relating to the servicing of the mortgage loan at issue in this foreclosure action (id. [Dkt. 67] at ¶ 2). Nowhere is there any description of how the allonge is firmly affixed to the note. Therefore, plaintiff has not proven that the note was, in fact, endorsed via allonge (*cf. Deutsche Bank Natl. Tr. Co. v Motzen*, 207 AD3d 434 [2d Dept 2022]). In addition, plaintiff offers no non-hearsay proof of the agency between JPMorgan Chase Bank, as agent, and plaintiff, as principal. Thus, even in JPMorgan Chase Bank possessed the note at a relevant time, absent from this record is proof that JPMorgan Chase possessed the note and related documents on behalf of this plaintiff.

On plaintiff's second argument, the same failure of proof regarding the allonge means that plaintiff has not proven that the note, properly indorsed, was attached to the complaint. In light of these conclusions, this Court does not address plaintiff's effort to bootstrap an email allegedly from JPMorgan Chase into a business record of another entity, Carrington Mortgage Services, LLC by alleging that the Chase email was incorporated into Carrington's records (*Standard Textile Co. v Nat'l Equipment Rental, Ltd.*, 80 AD2d 911 [2d Dept 1981]). Obviously, the rule is different when a prior mortgage loan servicer's records are incorporated despite the danger that incorrect prior servicer records are, in effect, cleansed by being incorporated into a subsequent servicer's records (*Wilmington Trust, N.A. v Reed*, 210 AD3d 731 [2d 2022]).

Therefore, plaintiff has not met its prima facie burden on standing.

---

[2] This Court interprets the phrase "plaintiff's custodian" not to mean the party with custody of plaintiff but to mean the party with custody of the note on behalf of plaintiff.

FILED: SUFFOLK COUNTY CLERK 06/26/2025 06:17 PM
NYSCEF DOC. NO. 104

INDEX NO. 604997/2023
RECEIVED NYSCEF: 06/26/2025

604997/2023
Order on Motion
Page 4

RPAPL § 1304

Plaintiff must prove strict compliance with RPAPL section 1304 on a summary judgment motion (**Bank of Am., N.A. v Gonzalez**, 219 AD3d 433 [2d Dept 2023]). In opposition, defendants note that RPAPL § 1304 requires that the 1304 notices be sent by the lender, assignee, or mortgage loan servicer that commences the action. Here, a trustee commenced the action, but Carrington Mortgage Loan Services, LLC send the 1304 notices. As set forth above, the redacted servicing and custodial agreement dated as of November 18, 2019 mandates that this Court conclude that plaintiff has not established agency between plaintiff and Carrington Mortgage Loan Services. Thus, plaintiff has not met its prima facie burden of proof on RPAPL § 1304.

Upon the foregoing analysis, plaintiff's motion be, and it hereby is denied in all respects.

Dated  :       June 26, 2025
                Riverhead, New York

ENTER

_____
Hon. Aletha V. Fields, AJSC

[* 4]